STEVEN G. KALAR
Federal Public Defender
DANIEL P. BLANK
Senior Litigator
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:        Daniel_Blank@fd.org

Counsel for Defendant RUANO-NUNEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS MIGUEL RUANO-NUNEZ,<br><br>Defendant. | **Case No.:** CR 20–0050 WHA<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:**  Hon. William Alsup<br>**Date:**   June 30, 2020<br>**Time:**   3:00 p.m. |

**INTRODUCTION**

Defendant Luis Miguel Ruano-Nunez, a 25 year-old U.S. citizen raised in Mexico until age 18 who has no prior arrests or convictions of any kind, made a huge error in judgment in getting involved with a large quantity of methamphetamine even though had a good full-time job.  Mr. Ruano has demonstrated extraordinary acceptance of responsibility for this offense by not seeking pretrial release and instead indicating his early intention to plead guilty pursuant to an agreement with the government before the COVID-19 pandemic delayed all court proceedings.  Because of the pandemic, the time that Mr. Ruano has already served in custody, and will continue to serve, will be harder than normal, even though he is young and without specific health-related risk factors, due to the suspension of programming that would have made his time more productive and also enabled him

to earn credits toward reducing his sentence. For these reasons, Mr. Ruano respectfully submits that that Court should grant a downward variance to a sentence of 36 months imprisonment.

## BACKGROUND

Mr. Ruano was born in Santa Ana, California, to parents from rural Jalisco, Mexico. PSR ¶ 31. Mr. Ruano's father was a seasonal worker, who regularly came to work in the United States until his retirement. *Id.* ¶ 32. A few months after Mr. Ruano was born, he returned with his parents to Jalisco, where he grew up. *Id.* Mr. Ruano attended school there until sixth grade and then went to work in the fields to help his family financially. *Id.* ¶ 41. At age 18, Mr. Ruano legally returned to the United States to seek better employment opportunities. *Id.* ¶ 33. From 2017 to 2018, Mr. Ruano worked as a mechanic at a Tire Shop in Palm Springs, California. *Id.* ¶ 43. Then, from 2018 until his arrest on the instant offense in 2020, Mr. Ruano was employed at Perez Nursery and Landscaping in Brentwood, California, working full-time and earning $2,000 per monthly. *Id.* ¶ 42.

Unfortunately, after returning to the United States, Mr. Ruano also got involved first with alcohol and then with illegal drugs. *Id.* ¶ 40. Mr. Ruano was already sending much of his earnings home to support his family, and this drug addiction added to the pressure to earn more and also caused a serious lapse in judgment, resulting in the instant offense of possessing methamphetamine with the intent to distribute. *See id.* Mr. Ruano had never been arrested or convicted of any offense before, and he has never been violent or in possession of a weapon. *See id.* ¶¶ 24-29.

Following his initial appearance in magistrate court, Mr. Ruano waived the right to seek pretrial release. Dkt. #3 (Feb. 14, 2020). Soon thereafter, Mr. Ruano was scheduled to plead guilty pursuant to an agreement with the government when the COVID-19 pandemic delayed all court proceedings. Dkt. ##6-10. Change of plea and sentencing for Mr. Ruano pursuant to a "pre-plea" presentence report are now set for June 30, 2020. Dkt. ##9-10.

## ARGUMENT

The U.S. Probation Officer correctly calculates the advisory range under the U.S. Sentencing Guidelines to be 87 to 108 months imprisonment. PSR ¶ 48 & n.4.[1] Sensibly, the U.S. Probation

---

[1] Because Mr. Ruano has not yet pleaded guilty, the PSR alternatively calculates the advisory guideline range both with and without credit for acceptances of responsibility. *See* PSR ¶ 48 & n.4.

DEFENDANT'S SENTENCING MEMO
*RUANO-NUNEZ*, CR 20–0050 WHA

1  Officer recommends under the factors of 18 U.S.C. § 3553(a) a downward variance below the low
2  end of the advisory guideline range for the following reasons:

> Although the instant offense is very serious, the defendant has minimal education and no prior criminal history. He was practically raised by his mother as his father was often absent. Therefore, after a careful consideration of all the factors enumerated in 18 U.S.C. § 3553(a), a downward variance is recommended to achieve the statutory purposes of sentencing. A sentence of 72 months of imprisonment is reasonable and not greater than necessary.

PSR Sentencing Recommendation at 2.

Mr. Ruano appreciates the recommendation and agrees that a downward variance under the factors of § 3553(a) is warranted here. However, it is respectfully submitted that, together with additional reasons not considered by the U.S. Probation Officer, a greater downward variance to a sentence of 36 months imprisonment is warranted. Specifically, as noted above, Mr. Ruano has already demonstrated extraordinary acceptance of responsibility by waiving the right to seek pretrial release and almost immediately thereafter setting the matter for change of plea pursuant to an agreement with the government before the onset of the COVID-19 pandemic delayed all court proceedings. Because of the pandemic, the time that Mr. Ruano has already served in custody, and will continue to serve, will be harder than normal, even though he is young and without specific health-related risk factors, due to the suspension of programming that would have made his time more productive and also enabled him to earn credits toward reducing his sentence. Of course, like everyone in custody, Mr. Ruano is also at greater risk of a potentially fatal COVID-19 infection owing to the impossibility of full social distancing in prison. Once Mr. Ruano is released, his prospects for complete rehabilitation are particularly good, due to his U.S. citizenship and his solid history of lawful full-time employment. With the support of the U.S. Probation Office while on supervised release, including drug treatment, Mr. Ruano is confident that he will succeed and not reoffend. Instead, this incident will be shown to have been very serious but aberrant behavior.

Viewing these additional factors in combination with the other factors under § 3553(a) identified by the U.S. Probation Officer – that Mr. Ruano "has never committed a violent act," that he

---

It is undisputed that the range of 87 to 108 months is applicable here because Mr. Ruano will be entering a guilty plea prior to proceeding to sentencing. *See id.*

DEFENDANT'S SENTENCING MEMO
*RUANO-NUNEZ*, CR 20–0050 WHA

3

"has never been arrested before and the instant offense is his first encounter with the law," his "minimal education," and the absence of his father, PSR Sentencing Recommendation at 2 – Mr. Ruano respectfully submits that that Court should grant a downward variance to a sentence of 36 months imprisonment, to be followed by three years supervised release.

## CONCLUSION

For the foregoing reasons, the Court should sentence Mr. Ruano to 36 months imprisonment to be followed by three years supervised release.

Dated: June 23, 2020

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

/S
DANIEL P. BLANK
Senior Litigator

DEFENDANT'S SENTENCING MEMO
*RUANO-NUNEZ*, CR 20–0050 WHA